**KNEE DEEP CATTLE COMPANY, INC.; Mike Stevenson; Bill Stevenson and Lois Stevenson, Plaintiffs–Appellants,**

v.

**BINDANA INVESTMENT COMPANY LIMITED and Abraham Kool, Defendants–Appellees.**

No. 95–35235.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 8, 1996.

Memorandum Decision Decided
July 29, 1996.

Order and Opinion Filed Sept. 3, 1996.

Bill Kloos, Johnson & Kloos, David C. Moon, Moon Firm, Eugene, Oregon, for plaintiffs-appellants.

Charles C. Caldart, David A. Nicholas, National Environmental Law Center, Boston, Massachusetts, for California Public Interest Research Group, Florida Public Interest Research Group, Illinois Public Interest Research Group, Massachusetts Public Interest Research Group, Public Interest Research Group in Michigan, Public Interest Research Group of New Jersey, Ohio Public Interest Research Group, Oregon State Public Interest Research Group, and Washington Public Interest Research Group, amici curiae.

Jens Schmidt, Glenn Klein, Harrang Long Gary Rudnick P.C., Eugene, Oregon, for defendants-appellees.

Before: GOODWIN and BRUNETTI, Circuit Judges, and KING,* District Judge.

[1] The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

## ORDER

The memorandum decision filed July 29, 1996 is redesignated as an authored opinion by Senior District Judge Samuel P. King.

## OPINION

Samuel P. KING, Senior District Judge:

Knee Deep Cattle Company ("Knee Deep") appeals from the district court's grant of Bindana Investment Company Limited's ("Bindana") motion to dismiss. Knee Deep challenges the district court's decision that it lacked subject matter jurisdiction over the action because the Oregon Department of Environmental Quality's ("DEQ") actions regarding effluent discharges by Bindana into a nearby creek constituted diligent prosecution under a comparable state law as described in § 1319(g) of the Clean Water Act ("CWA") 33 U.S.C. § 1319(g). We have jurisdiction pursuant to 28 U.S.C. 1291 and reverse and remand.

Knee Deep runs a cattle and feeder operation in Lane County, Oregon, which borders an RV park and sewage treatment facility owned by Bindana. Bindana holds a National Pollution Discharge Elimination System ("NPDES") permit issued pursuant to Or. Rev.Stat. § 468.740 and the CWA,[1] which allows Bindana to discharge treated effluent into the Creek adjacent to both Bindana's and Knee Deep's property.

Bindana failed to comply with the terms of the permit, and the DEQ took steps to bring Bindana into compliance. On June 18, 1993, the DEQ issued a Notice of Noncompliance as defined in Or.Admin.R. 340–12–041(*l*), followed by a Notice of Permit Violation ("NPV") as defined in Or.Admin.R. 340–12–041(2), and Notice of Civil Penalty ("NCP") as defined in Or.Admin.R. 340–12041(3). The NPV notified Bindana that on various dates in February through May of 1993, Bindana's reports showed discharges exceeding its permit limitations, and required Bindana to submit a written proposal to bring the facility into compliance with the permit or face penalties. Bindana submitted the plan on August 11, 1993. The NCP assessed a $1,400 penalty for the June 2, 1993 pumping of raw sewage into the Creek, which Bindana paid on August 31, 1993.

Subsequently, the DEQ and Bindana privately negotiated terms for a remedial agreement resulting in a Stipulation and Final Order ("SFO") on January 14, 1994. The SFO outlined a plan to upgrade the sewage treatment plant at a cost of $175,000 to $200,000. Recognizing that permit violations would likely continue until the upgrade was complete, the DEQ set interim discharge limits. The SFO set penalties for noncompliance with these interim limits as well as for violations of the compliance schedule. The SFO did not assess any penalties for past violations, but settled without penalty the February through May violations. The SFO also did not amend the NPDES permit and reserved to the DEQ the right to proceed against Bindana for any past or future violations not settled in the SFO.

On March 28, 1994, the DEQ issued a Penalty Demand Notice to Bindana for exceeding the interim discharge limitations set in the SFO, during the month of February. The demand was for $100 per violation as set forth in the SFO, but did not impose penalties for violation of the NPDES permit. The DEQ issued another Penalty Demand Notice to Bindana on May 4, 1994, for exceeding the interim discharge limits during March, but did not assess any penalties for violation of the NPDES permit.

Knee Deep filed its complaint seeking civil penalties and declaratory and injunctive re-

---

1. Under the Clean Water Act, the discharge of pollutants into navigable waters is prohibited unless one of several exceptions applies. 33 U.S.C. § 1311(a); *Citizens for a Better Env't v. UNOCAL*, 83 F.3d 1111, 1113 (9th Cir.1996). Discharge of pollutants is allowed by the issuance of a NPDES permit under 33 U.S.C. § 1342. The scope of the authorized exception to the prohibition in § 1311(a) is defined by the permit. A state or regional agency may be given the authority to administer the NPDES permit system if the state or regional regulatory scheme meets certain criteria. 33 U.S.C. § 1342(b); *UNOCAL*, 83 F.3d at 1113. The Oregon Department of Environmental quality is the entity responsible for issuing permits in the State of Oregon. Or.Rev.Stat. § 468B.050.

lief on April 15, 1994.[2] Bindana moved to dismiss for lack of subject matter jurisdiction, contending that a previous on-going enforcement action by the DEQ precluded the citizen suit under the CWA. In his Findings and Recommendations Magistrate Judge Coffin concluded that the DEQ had diligently prosecuted an enforcement action under a comparable state law and, therefore, Knee Deep's citizen suit should be dismissed for lack of subject matter jurisdiction. After conducting de novo review, District Judge Hogan adopted the Magistrate's Findings and Recommendations. Knee Deep filed this appeal on March 8, 1995.

The existence of subject matter jurisdiction is a question of law, and a district court's conclusion that it lacks subject matter jurisdiction is reviewed de novo. *Valdez v. United States,* 56 F.3d 1177, 1179 (9th Cir. 1995); *Seven Resorts, Inc. v. Cantlen,* 57 F.3d 771, 772 (9th Cir.1995). However, the district court's factual findings on all jurisdictional issues must be accepted unless clearly erroneous. *Nike, Inc. v. Comercial Iberica de Exclusivas,* 20 F.3d 987, 990 (9th Cir. 1994). Knee Deep does not contend that the district court's factual findings are clearly erroneous, therefore, the only issue on review is whether the district court was correct in concluding that it did not have subject matter jurisdiction as a result of 33 U.S.C. § 1319(g)(6)(A)(ii). For a citizen suit to be barred by § 1319(g)(6)(A)(ii) a state must have commenced and be diligently prosecuting an action under a state law which is comparable to § 1319(g). This Court has previously determined that for § 1319(g)(6)(A) to apply, the comparable state law must contain penalty provisions and a penalty must actually have been assessed under the state law. *Citizens for a Better Environment v. UNOCAL,* 83 F.3d 1111, 1115 (9th Cir.1996); *see also WashPIRG v.*

*Pendleton Woolen Mills,* 11 F.3d 883 (9th Cir.1993). Although the DEQ assessed a penalty against Bindana for the June 2, 1993 violation, this one-time assessment is not germane to our decision in this case. The violations at issue are ongoing and are covered by the SFO, and therefore, the court finds that UNOCAL is controlling.[3]

*UNOCAL* involved a settlement and cease and desist order, similar to the SFO in this case. Unable to meet the discharge limits of its NPDES permit as established by the state regulatory agency, defendant UNOCAL entered into settlement negotiations with the state which resulted in a cease and desist order ("CDO") issued under the authority of California Water Code § 13301.[4] UNOCAL, 83 F.3d at 1114. The CDO relieved UNOCAL of compliance with the discharge limits and established a time line for UNOCAL's compliance with the NPDES permit. *Id.* at 1115. The Court concluded that the § 1319(g)(6)(A)(ii) bar did not apply because the CDO was not issued under the section of the California Water Code which was comparable to § 1319. *Id.* at 1118. Furthermore, the Court agreed with the district court that no action was being prosecuted at the time plaintiff filed its citizen suit. *Id.*

As with the CDO in *UNOCAL,* the SFO in the instant case was entered into before Knee Deep filed suit, and therefore, as in *UNOCAL,* it cannot be said that the state was diligently prosecuting an action at the time Knee Deep filed its citizen suit. Furthermore, as in *UNOCAL,* it is arguable that the Oregon statutory sections which provide for administrative penalties, Or.Rev.Stat. §§ 468.135 and 468.140, are comparable to the federal penalty section. However, also as in *UNOCAL,* the SFO was issued under a different section. Paragraph six of the SFO

---

**2.** Pursuant to 33 U.S.C. § 1365, private citizens may bring suit to enforce effluent standards or limitations, including violations of 33 U.S.C. § 1311(a).

**3.** The Court recognizes that *UNOCAL* was decided nearly two years after the magistrate judge issued his Findings and Recommendations and over a year after the district judge adopted the magistrate judge's findings.

**4.** Although the Court concluded that a payment made by UNOCAL in relation to the settlement was not a penalty, the Court found that the penalty provision in § 13385 of the California Water Code was comparable to the Clean Water Act penalty provision in § 1319. *UNOCAL,* 83 F.3d at 1116.

expressly provides that the SFO was issued to settle past violations without penalty pursuant to Or.Rev.Stat § 183.415(5). Therefore, the DEQ's actions in relation to Bindana's permit violations were not taken under a state law comparable to § 1319(g).

For the foregoing reasons, the Court finds that Knee Deep's citizen suit is not barred by § 1319(g)(6)(A).

**REVERSED and REMANDED.**